UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

LISA STEVENS; LARRY McNAIR,

                Plaintiffs,

-against-

J&F GOURMET DELI; JOHN DOE Muslim Cashier at J&F Gourmet Deli, 12:00 a.m. to 9:00 a.m.; JOHN DOE Muslim Owner; JOHN DOE Muslim Owner, Mgmt.,

                Defendants.

1:19-CV-7445-CM

ORDER OF DISMISSAL

COLLEEN McMAHON, Chief United States District Judge:

Plaintiffs, Larry McNair and his "common law spouse," Lisa Stevens, appearing *pro se*, bring this action under 42 U.S.C. § 1983 against a deli and its cashier and owners, alleging that Defendants violated Plaintiffs' constitutional rights.

By order dated November 6, 2019, the Court granted Plaintiffs' request to proceed without prepayment of fees, that is, *in forma pauperis* (IFP).

**STANDARD OF REVIEW**

The Court must dismiss an *in forma pauperis* complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470

F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original). But the "special solicitude" in *pro se* cases, *id.* at 475 (citation omitted), has its limits – to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

The United States Supreme Court has held that under Rule 8, a complaint must include enough facts to state a claim for relief "that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is facially plausible if the plaintiff pleads enough factual detail to allow the Court to draw the inference that the defendant is liable for the alleged misconduct. In reviewing the complaint, the Court must accept all well-pleaded factual allegations as true. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). But it does not have to accept as true "[t]hreadbare recitals of the elements of a cause of action," which are essentially just legal conclusions. *Id.* (citing *Twombly*, 550 U.S. at 555). After separating legal conclusions from well-pleaded factual allegations, the Court must determine whether those facts make it plausible – not merely possible – that the pleader is entitled to relief. *Id.* at 678-79.

**BACKGROUND**

Plaintiffs allege the following facts. On April 8, 2019, Plaintiff Lisa Stevens asked Plaintiff Larry McNair, her "common law spouse," to purchase food items at J&F Gourmet Deli, located at 2090 Frederick Douglas Boulevard in New York, New York. "Defendant Cashier Muslim John Doe" then "deliberately misappropriated an excess of $50.00" by overcharging Plaintiff Lisa Stevens's EBT card. (ECF 2, p. 4.) Defendants have "no regards for the survival of human life" (*id.*), and showed "deliberate indifference to a [illegible] basic need (food)," (*id.* p. 5). Plaintiffs seek punitive and emotional-distress damages as well as injunctive relief.

2

**DISCUSSION**

Plaintiffs allege that Defendants' actions violated their constitutional rights and state that their claims arise under 42 U.S.C. § 1983. To state a claim under § 1983, a plaintiff must allege both that: (1) a right secured by the Constitution or laws of the United States was violated, and (2) the right was violated by a person acting under the color of state law, or a "state actor." *West v. Atkins*, 487 U.S. 42, 48-49 (1988). Private parties are not state actors and are therefore not generally liable under Section 1983. *Sykes v. Bank of Am.*, 723 F.3d 399, 406 (2d Cir. 2013) (citing *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)); *see also Ciambriello v. Cnty. of Nassau*, 292 F.3d 307, 323 (2d Cir. 2002) ("[T]he United States Constitution regulates only the Government, not private parties.").

Defendants are private parties and not state actors. Plaintiffs therefore do not state any claim under Section 1983. Nor do Plaintiffs' allegations suggest any other federal cause of action.

Having dismissed Plaintiffs' purported constitutional claims brought under Section 1983, the Court declines to exercise its supplemental jurisdiction over any state-law claims Plaintiffs may be asserting. A district court may decline to exercise supplemental jurisdiction over state-law claims when it "has dismissed all claims over which it has original jurisdiction." 28 U.S.C. § 1367(c)(3). Generally, "when the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n.7 (1988)); *see Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006) ("Subsection (c) of § 1367 'confirms the discretionary nature of supplemental jurisdiction by enumerating the circumstances in which district courts can refuse its exercise.'" (quoting *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 173 (1997))).

Although a court ordinarily should not dismiss a *pro se* complaint "without granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated," *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (citation omitted), a court does have inherent power to dismiss without leave to amend or replead "where … the substance of the claim pleaded is frivolous on its face," *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir.1988) (citation omitted), or where amendment would otherwise be futile, *Hill v. Curcione*, 657 F. 3d 116, 123-24 (2d Cir. 2011); *see also Shapiro v. McManus*, 136 S. Ct. 450, 455-56 (2015) (holding that federal-question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

## LITIGATION HISTORY AND WARNING

Plaintiff McNair is no stranger to this Court. While he was a prisoner, he filed numerous cases, and by order dated February 10, 2017, he was recognized as barred under the "three-strikes" provision of the Prison Litigation Reform Act (PLRA), 28 U.S.C. § 1915(g), from filing further federal civil cases IFP while a prisoner unless he was imminent danger of serious physical injury. *See McNair v. Annucci*, ECF 1:17-CV-0198, 5; *see also* Order dated Jan. 18, 2017, ECF 1:17-CV-0198, 2 (identifying McNair's "strikes" as *McNair v. Ponte*, ECF 1:16-CV-2314, 47 (S.D.N.Y. Sept. 20, 2016) (dismissing action for failure to state a claim); *McNair v. City of New York*, ECF 1:13-CV-1399, 9 (S.D.N.Y. May 1, 2013) (same); *McNair v. J.P. Morgan Chase Bank*, No. 1:12-CV-3581 (E.D.N.Y. Oct. 22, 2012) (same)).

In light of Plaintiff McNair's litigation history, the Court finds that Plaintiff McNair was or should have been aware that his allegations in this action fail to state a federal claim. *See*

4

*Sledge v. Kooi*, 564 F.3d 105, 109-110 (2d Cir. 2009) (discussing circumstances where a frequent *pro se* litigant may be charged with knowledge of particular legal requirements).

Although Plaintiff McNair is no longer a prisoner, and the PLRA filing bar therefore does not apply to him, he is warned that further vexatious or meritless litigation in this Court will result in an order barring him, under 28 U.S.C. § 1651, from filing new civil actions IFP in this Court without prior permission.[1]

## CONCLUSION

The Clerk of Court is directed to assign this matter to my docket, mail a copy of this order to Plaintiffs, and note service on the docket. Plaintiffs' complaint, filed IFP under 28 U.S.C. § 1915(a)(1), is dismissed for failure to state a claim. 28 U.S.C. § 1915(e)(2)(B)(ii).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: November 13, 2019
New York, New York

COLLEEN McMAHON
Chief United States District Judge

---

[1] This warning applies only to Larry McNair, not Lisa Stevens.